### McFADDEN v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

MASTER AND SERVANT (§ 109*)—PERSONAL INJURIES—LIABILITY OF MASTER.

Where, in an experienced teamster's action for injuries due to the running away of a team of green horses, which he was exercising, there was no evidence that the horses were vicious, untrained, or that they had run away before, a verdict for plaintiff was unauthorized, though plaintiff testified that he did not know the horses were "green," and the relationship of master and servant existed between plaintiff and defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 204; Dec. Dig. § 109.*]

Appeal from Trial Term, Kings County.

Action by Patrick McFadden against the Standard Oil Company of New York for personal injuries. From judgment for plaintiff, and denial of new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

A. H. Cole, of New York City, for appellant.
J. LeRoy Gibson, of Brooklyn, for respondent.

PER CURIAM. The plaintiff recovered damages for personal injuries. He was a teamster of 14 years' experience, and had been employed by the defendant for over a month. He generally delivered goods, using a team and truck. On the day of the casualty he was directed to exercise a team of green horses that had recently been acquired by the defendant for the purposes of its business. Plaintiff testified he did not know they were green. The team ran away and collided with a post, and the plaintiff was thrown from the truck. There is no evidence that the horses were vicious, fractious, un-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trained, or even that they had run away before; yet the plaintiff recovered a verdict.

The law governing the liability of the owner of horses for personal injury is established, and we cannot conceive of any reason why that liability should be extended because of the relationship of master and servant existing between the parties, especially where the servant is skilled in the handling of horses. Muller v. McKesson, 73 N. Y. 195, 29 Am. Rep. 123; Lynch v. McNally, 73 N. Y. 347; Cooper v. Cashman, 190 Mass. 75, 76 N. E. 461, 3 L. R. A. (N. S.) 209.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.